Mildred K. O'Linn (State Bar No. 159055)
   mko@manningllp.com
Courtney R. Arbucci (State Bar No. 266036)
   cya@manningllp.com
**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**
801 S. Figueroa St, 15th Floor
Los Angeles, California 90017-3012
Telephone: (213) 624-6900
Facsimile: (213) 624-6999

Attorneys for Defendants,
CITY OF FRESNO, CHIEF JERRY DYER, SERGEANT LARRY HUSTEDDE, and OFFICER JEFFREY KAISER

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| IDALIA J. MORGUTIA-JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>CITY OF FRESNO, CHIEF JERRY DYER, SERGEANT LARRY HUSTEDDE, OFFICER JEFFREY KAISER, and DOES 1 to 10,<br><br>Defendants. | Case No. 1:14-CV-00127 LJO-SKO<br>[*Hon. Lawrence J. O'Neill, D. Judge;*<br>*Hon. Sheila K. Oberto, M. Judge*]<br><br>***EX PARTE* APPLICATION AND MOTION OF DEFENDANTS FOR A COURT ORDER TO COMPEL THE DEPOSITION OF TASHA COLE; EXTEND TIME FOR THE LIMITED PURPOSE OF THE DEPOSITION; SANCTIONS; AND SERVICE BY POSTING ON DOOR OF HOME; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>*[Arbucci Declaration, and Proposed Order, Filed Concurrently Herewith]*<br><br>Date:<br>Time:<br>Court:<br><br>Complaint Filed:  01/28/2014<br>Trial Date:  06/09/2015 |

**TO THE COURT, PLAINTIFF, ALL PARTIES, AND THEIR COUNSEL:**

PLEASE TAKE NOTICE that, **on a date to be determined by the Court (unless decided solely on the papers pursuant to standing orders)**, in Courtroom 7, located at 2500 Tulare Street, #1501, Fresno, California, 93712, pursuant to Federal Rules of Civil Procedure 7, 26, 30 and 37, and United States District Court, Eastern District of California Local Rule 144, as well as the Initial Standing Order in All Cases Assigned to District Judge Lawrence J. O'Neill, and the Scheduling Order, defendants CITY OF FRESNO; CHIEF JERRY DYER, SERGEANT LARRY HUSTEDDE; AND OFFICER JEFFREY KAISER (collectively hereafter as "defendants") hereby move the Court for the following Order(s):

(1) To grant an Order to Compel the Deposition of Tasha Cole the week of March 16, 2015, after her failure to appear at two prior depositions in which she was served notice of;

(2) To extend time for the limited purpose of taking the deposition of Tasha Cole during the week of March 16, 2015;

(3) To impose sanctions and hold Tasha Cole in contempt after she was served with subpoena's thrice and failed to appear without adequate excuse to obey the subpoena pursuant to Fed. R. Civ. P. 37(b), 37(g), 45(g), and 71;

(4) To allow defendants to serve Tasha Cole of the Court Order by posting the Court documents on her front door, as she has evaded and harassed multiple parties who have previously attempted to effectuate service at this residence.

(5) To allow all parties' counsel to appear telephonically for the purposes of the hearing as all counsel are located in Southern California; and

(6) To consider the instant motion on an *ex parte* basis.

///
///
///
///

The grounds for defendants' underlying motion are as follows: (1) defendants have personally served Tasha Cole with notice of her deposition on at least two occasions; (2) Tasha Cole has failed to appear for any and all depositions that were properly noticed and scheduled; (3) Tasha Cole has never provided defendants with an adequate excuse to disobey the subpoena's served on her; (4) defendants went forward on an *ex parte* motion for the limited purposes of deposing Tasha Cole on February 27, 2015 for good cause due to the hardship defendants endured in attempting to locate and serve Tasha Cole for a deposition, (the Court found good cause to allow the deposition to go forward on March 3, 2015); (5) Tasha Cole failed to appear at her noticed deposition on March 3, 2015; (6) pursuant to the Court's indicated tentative position regarding defendants remedies during the February 26, 2015 telephonic hearing with all counsel, defendants bring this *ex parte* motion to compel Tasha Cole's deposition failure to appear at her March 3, 2015.

The grounds for considering/hearing defendants' motion on an *ex parte* basis are as follows: (1) defendants have been and will be unable to have a noticed motion heard, and the requested relief (deposition of Ms. Cole) obtained, before the pending deadlines for completion of dispositive motion, pre-trial documents, and before the Trial date; and (2) absent *ex parte* relief, defendants will be irreparably prejudiced by denial of access to important facts and information that corroborate defendants' incident contentions (particularly regarding plaintiff's conduct during her interactions with defendant officers) as admissible intent, habit, and/or rebuttable character evidence.

Defendants' *ex parte* application-motion is based on this notice; all pleadings, papers, and records in this action; the attached memorandum of points and authorities; the attached declaration and exhibit thereto; and upon such other oral and documentary evidence or argument as may be presented at the hearing of this motion.

1  ///

2  ///

3  <u>NOTICE ON CONFERENCE OF COUNSEL PER LOCAL RULE:</u> This motion is made following the conferences (and attempted conferences) of counsel pursuant to L.R. 144 which took place on March 3, 2015. [*See* U.S. Dist. Ct., E.D. Cal. L.R. 144; *see, e.g.,* Arbucci Decl., ¶¶ 7-11, Exs. E, F, G, and H].

DATED:  March 6, 2015

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:  ____/s/ Courtney R. Arbucci____
Courtney R. Arbucci
Attorneys for Defendants,
CITY OF FRESNO, CHIEF JERRY DYER, SERGEANT LARRY HUSTEDDE, and OFFICER JEFFREY KAISER

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1. INTRODUCTION.

Defendants respectfully request that the Court issue an Order to Compel the deposition of Tasha Cole for the week of March 16, 2015, allowing defendants to re-open the non-expert discovery cut-off solely to allow the deposition of incident-witness Tasha Cole to go forward in Fresno, California. Further, defendants respectfully request the Court impose sanctions against Tasha Cole as a result of her failure to appear twice for depositions in which she was served notice. Finally, defendants respectfully request the Court allow defendants to effectuate service of the Court order by posting it to Tasha Cole's residence front door, or by placing it in her mailbox as a result of harassment the serving parties have endured in previous attempts to personally serve Tasha Cole at her residence.

First, Tasha Cole was an incident-witness to the events as they unfolded on August 24, 2010, between plaintiff and defendant officers at Big Mama's Restaurant in Fresno, California. Second, Ms. Cole gave a witness statement to a Fresno Police Officer immediately after the incident that corroborate defendants' claims regarding the violent/resistive actions and statements made by plaintiff prior to, and leading up to her arrest. Her statements of plaintiff's violent/resistive conduct and behavior during the incident towards the defendant officer are discoverable and likely admissible rebuttal/cross-examination evidence. Third, Ms. Cole did not identify her last name, address, or other identifying information to the officer when she made her statement regarding the incident, making it very difficult to locate her for deposition. Fourth, once her identifying information was obtained, defendants attempted to serve Ms. Cole on multiple occasions to appear for a deposition prior to the non-expert discovery cut-off. Fifth, Ms. Cole indicated to a process server as well as a paralegal at defendants' counsel's office that she would appear for service at a specific date and time, and then failed to do so. This occurred prior to the non-expert discovery cut-off date. Fifth, her deposition was not taken on January 23,

2015, as scheduled, approximately three days prior to the applicable discovery cut-off. Further, Notice on Non-Appearance was made on the record. Then, defendants' private investigator, after multipl diligent attempts, successfully served Ms. Cole for her deposition to be taken on February 27, 2015.

As a result, on February 24, 2015 defendants filed an *ex parte* application to re-open discovery for the limited purposes of deposing Tasha Cole. On February 26, 2015, the Court held an informal telephonic hearing wherein all parties were present and presented arguments. At the conclusion of the telephonic hearing, the Court found good cause to allow defendants to take the deposition of Tasha Cole on March 3, 2015. Defendants personally served Tasha Cole on February 26, 2015 with the March 3, 2015 deposition notice. On March 3, 2015, Tasha Cole failed to appear for her deposition. Noticed discovery motions may be made with only 21 days' notice prior to the hearing date, the relief sought in this motion could not be obtained by noticed motion before the non-expert discovery motion cut-off, or the dispositive motion filing deadline.

Accordingly, the Court should grant defendants' instant *ex parte* motion.

## 2. FACTUAL SUMMARY.

### a. The Multiple Good Faith Attempts to Notice and Serve Ms. Cole.

Defendants did not have identifying information for incident-witness, Tasha Cole, until early January, 2015. At that time, defendants immediately requested Nationwide Subpoena Services serve notice of a deposition of Tasha Cole as soon as possible. Nationwide Subpoena Services made twelve (12) attempts to personally serve Ms. Cole at her home between the dates of January 14, 2105 and January 22, 2105, with the deposition notice for January 23, 2015. [*See* Decl. Arbucci ¶ 3, and Ex. A]. On January 19, 2015, Ms. Cole called an agent from Nationwide Subpoena Services and stated she was not aware of this case, at that time the agent gave her the phone number for defendants' counsel. [*See* Decl. Arbucci ¶ 3, and Ex. A]. On January 19, 2015, Ms. Cole called defendants' counsel's paralegal, Christina Medina.

1  Ms. Medina explained the reason Ms. Cole was receiving a deposition notice was as
2  a result of her being a witness to an incident that occurred on August 24, 2015 at Big
3  Mama's restaurant. Ms. Cole then told Ms. Medina she would be willing to accept
4  service of the deposition notice in person from Julie Thornton (of Nationwide
5  Subpoena Services) and attend the deposition. [*See* Decl. Arbucci ¶ 4, and Exs. B
6  and C]. After that, Ms. Cole evaded any further service attempts and discontinued
7  answering her cell phone. [*See* Decl. Arbucci ¶¶ 3- 5, and Exs. A, B and C].
8       On January 23, 2015, defendants' counsel, Courtney Arbucci, drove to Fresno,
9  California and attended the scheduled deposition of Tasha Cole. At 9:00 a.m., Ms.
10 Cole did not appear for her deposition. Approximately 15 minutes later, defendants'
11 counsel called Ms. Cole's cell-phone number to remind her she had agreed to appear
12 for her deposition and was late. At that time, a male answered the telephone number
13 and was verbally disgruntled and threatening towards defendants' attorney regarding
14 Ms. Cole's deposition appearance. He ended the telephone call stating Ms. Cole was
15 not coming. [*See* Decl. Arbucci ¶ 5, and Ex. C].Defendants' counsel then took a
16 Notice of Non-Appearance on the record detailing the multiple service attempts of
17 Ms. Cole in order to obtain her deposition prior to the Court Ordered Discovery cut-
18 off. [*See* Decl. Arbucci ¶ 5, and Ex. C].
19      After Ms. Cole failed to appear for her January 23, 2015, deposition that she
20 had indicated she would attend, defendants' retained a private investigator to attempt
21 service of Ms. Cole. On February 20, 2015, the agents for defendants' retained
22 private investigator spent the day staking out Ms. Cole to attempt personal service of
23 a deposition notice. At 9:20 a.m., service was attempted at Ms. Cole's home address
24 and the agents were confronted by a black male with a large German shepherd who
25 told the agents; (1) Tasha Cole did not live there, and (2) if they returned, he would
26 sic his dog on them. The field agents left the home and waited down the street. At
27 2:00 p.m., after the agents witnessed a female who appeared to be Ms. Cole arrive at
28 the residence, they attempted service again. When they knocked on the door, a male

voice told them not to come in. The agents returned to their vehicle and waited until they saw Ms. Cole outside of the residence. At 2:23 p.m., Ms. Cole walked out of the residence to get into her vehicle in the driveway. Field agent, Cameron Menser, walked to her window and tapped on it to get her attention. She rolled down the window, and denied being Tasha Cole. The field agent identified that he knew she was Tasha Cole and dropped the subpoena through her driver's side window, and it landed in her lap. [*See* Decl. Arbucci ¶ 6, and Ex.D].

After the Court held an informal telephonic hearing on defendants *ex parte* motion to re-open non-expert discovery as to the limited purpose of deposing Tasha Cole, defendants personally served Tasha Cole again with a deposition notice for March 3, 2015. [*See* Decl. Arbucci ¶ 14, and Ex. J].

### b.    The Scheduling Issues Regarding Non-Expert Discovery.

The Court set a deadline for completion of non-expert discovery for January 26, 2015; as a result of the Court's Standing Order, all discovery motions were thus required to be heard by that cut-off date. [*See* Order, January 6, 2015, Dkt. Doc 21.]

Defendants' counsel noticed all non-expert witnesses to be deposed prior to that deadline, including Ms. Tasha Cole. Ms. Cole's deposition was the final deposition noticed by defendants', and was scheduled to occur on January 23, 2015, three days prior to the non-expert discovery cut-off. Thus, defendants, in good faith, attempted to complete all non-expert discovery prior to January 26, 2015. However, Ms. Cole failed to appear at her deposition on January 23, 2015.

Defendants private investigator continued to investigate the location and whereabouts of Tasha Cole in order to attempt personal service again. The private investigator was successfully able to personally serve her on February 23, 2015, after Tasha Cole had evaded service multiple times. Defendants immediately informed plaintiff's counsel of the personal service and requested a stipulation to extend the discovery cut-off as to allow the deposition of Tasha Cole go forward. filed an *ex parte* application to re-open discovery for the limited purpose of

deposing Tasha Cole

Therefore, as a result of Ms. Cole evading service and failing to appear, defendants' counsel were not able to take her deposition within the Court Ordered Discovery Cut-Off.

Yet, in the period immediately following the aforementioned discovery period, defendants' attempted again to serve Ms. Cole for her deposition to go forward. Defendants' retained a private investigator in hopes of effectuating service. On January 23, 2015 at 2:24 p.m., Ms. Cole was served. Immediately after defendants' counsel was notified of service, they called plaintiff's counsel and informed their office of the service of Ms. Cole. [*See* Decl. Arbucci ¶ 7, and Ex. E]. Defendants' counsel followed up with an email to plaintiff's counsel regarding the same. In that email, defendants' counsel attempted to meet and confer regarding seeking a stipulation to re-open the non-expert discovery deadline as to only allow the deposition of Ms. Cole. [*See* Decl. Arbucci ¶¶ 7-8, and Ex. E]. Plaintiff's counsel, Ms. Vicki Sarmiento, denied this request. [*See* Decl. Arbucci ¶ 9, and Ex. F]. Defendants' counsel attempted to meet and confer a second time via email to plaintiff's counsel requesting a stipulation to allow the deposition of Ms. Cole to go forward. [*See* Decl. Arbucci ¶ 10, and Ex. G]. Plaintiff's counsel, Ms. Sarmiento, again denied the request. [*See* Decl. Arbucci ¶ 11, and Ex. H].

This Court held an informal telephonic discovery dispute as a result of defendants' *ex parte* application to re-open discovery for the purposes of deposing Tasha Cole. [*See* Decl. Arbucci ¶¶ 12-13, and Exs. I and J]. The Court found good cause for defendants to take the deposition of Tasha Cole on March 3, 2015. Defendants personally served Tasha Cole on February 26, 2015 with the notice of deposition for March 3, 2015. [*See* Decl. Arbucci ¶ 14, and Ex. J]. On March 3, 2015, Tasha Cole failed to appear for her deposition at Huseby Reporting in Fresno, California and defendants' counsel made a record of her non-appearance and requested a certificate of non-appearance from the court reporter. [*See* Decl.

Arbucci ¶ 15, and Ex. L].

Therefore, as a result of Ms. Cole failing to appear, defendants' counsel was not able to take her deposition within the Court Ordered re-opening of discovery for the limited period through March 3, 2015 to take the deposition of Tasha Cole.

As a result of the Court Ordered non-expert discovery cut-off, expert disclosures, and dispositive motion filing date, if defendants sought relief requested her via a noticed motion, at best, defendants would only have a matter of days to take any compelled depositions before the start of trial, currently set for June 9, 2015.

## 3. THE COURT SHOULD ORDER TO COMPEL THE DEPOSITION OF TASHA COLE.

The Court should issue an Order to Compel the deposition of Tasha Cole to go forward for the week of March 16, 2015. Ms. Cole is an incident-witness who made prior statements regarding plaintiff's conduct/behavior towards defendant officers on the date of the incident that contradict plaintiff's contentions. Such facts are discoverable and likely admissible evidence.

### a. **Defendants Are Generally Entitled to Discovery of Matters Potentially Admissible at Trial.**

Under the Federal Rules of Civil Procedure, the "purpose of discovery is to provide a mechanism for making relevant information available to the litigants.... Thus the spirit of the rules is violated when advocates attempt to use discovery tools as tactical weapons rather than to expose facts and illuminate the issues...." *Burlington N. & Santa Fe Ry. v. United States Dist. Ct.*, 408 F.3d 1142, 1148-1149 (9th Cir. 2005). Thus, civil discovery's aim is to "'make trial less a game of blind man's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent.'" *Dollar v. Long Mfg.*, 561 F.2d 613, 616 (5th Cir. 1977). Along these lines, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense.... Relevant information need

not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *See* Fed. R. Civ. P. 26(b)(1). "To that end, either party may compel the other to disgorge whatever facts he has in his possession." *Dollar*, 561 F.2d at 616. Furthermore, under Rule 37, "[a] party seeking discovery may move for an order compelling an answer [to deposition questions].... This motion may be made if: (I) a deponent fails to answer a question asked under Rule 30 or 31." *See* Fed. R. Civ. P. 37(a)(3)(B)(I); *see also* Fed. R. Civ. P. 37(a)(3)(C) ("When taking an oral deposition, the party asking a question may complete or adjourn the examination before moving for an order [to compel answers].").

### b. **Defendants' Made Multiple Good Faith Attempts to Serve And Depose Tasha Cole Prior to the Non-Expert Discovery Cut-Off.**

Defendants' made multiple attempts to serve Tasha Cole prior to the non-expert discovery cut-off. [*See* Decl. Arbucci ¶¶ 3-6, and Exs. A-D]. Further, Ms. Cole represented to defendants' counsels agents that she would accept service and attend the deposition on January 23, 2015. After she failed to appear for her deposition, defendants' retained a private investigator to attempt to serve Ms. Cole as it was apparent she was intentionally evading service. At that time, the private investigator was able to withstand threatening behavior from Ms. Cole's spouse and appropriately serve Ms. Cole with a deposition notice for February 27, 2015. [*See* Decl. Arbucci ¶ 6, and Ex. D]. When plaintiff's counsel did not agree to stipulate to allowing the deposition to go forward, defendants moved the Court to re-open discovery for the limited purpose of deposing Tasha Cole. The Court found good cause, and allowed defendants to attempt again to serve and depose Tasha Cole. Immediately, defendants attempted to serve Tasha Cole with the new deposition notice for March 3, 2015. An agent was able to personally serve Tasha Cole on February 26, 2015. [*See* Decl. Arbucci ¶¶12-14, and Exs. I, J, and K].

///

### 4. THE COURT SHOULD IMPOSE SANCTIONS AGAINST TASHA COLE.

Tasha Cole has now failed to appear twice for her deposition. She has been served with deposition notices on three occasions and has intentionally failed to appear to each deposition. She has not once provided defense counsel with an adequate excuse to disobey the subpoenas. Pursuant to Federal Rules of Civil Procedure, Tasha Cole was served with a Court document ordering her to appear for her deposition. She has failed to appear on all dates she was noticed for deposition. Defense counsel attempted to meet and confer with Tasha Cole regarding her failures to appear as well as re-scheduling her deposition to a later date to avoid defendants seeking a Court Order finding her in contempt. Per the letter, Tasha Cole had until 4:00 p.m., on March 6, 2015 to contact our office regarding rescheduling her deposition. She failed to do so. [*See* Decl. Arbucci ¶¶16-17, and Ex. M]. (*See* Fed. R. Civ. P. 37(b), 37(g), 45(g), and 71.) To date, defendants have incurred expenses exceeding $8,000.00 in attempting to effectuate service of Tasha Cole and depose her. [*See* Decl. Arbucci ¶ 18, and Ex. N]. The Court should find Tasha Cole to be in contempt and impose sanctions for the incurred expenses in attempting to depose her.

### 5. THE COURT SHOULD ALLOW SERVICE OF TASHA COLE TO BE BY POSTING NOTICE ON HER DOOR OF HER RESIDENCE.

Throughout the entire process of attempting to serve Tasha Cole, defendants attorneys and agents for purposes of service have been harassed and/or threatened by Tasha Cole's husband. [*See* Decl. Arbucci ¶¶5- 6 and Exs. C, D ]. From the multiple service attempts, we know Tasha Cole lives at the residence in which we continue to attempt to serve her. For the safety of our agents, we request the Court allow any further service to be acceptable by posting on Tasha Cole's front door

///

///

1  **6.   THE COURT IS EMPOWERED TO REVIEW A MOTION ON AN *EX***
2  ***PARTE* BASIS WHERE THE MOVING PARTY WILL SUFFER**
3  **IRREPARABLE PREJUDICE WITHOUT *EX PARTE* RELIEF.**

4  Upon the filing of an appropriate *ex parte* application and supporting evidence showing good cause, the Court is empowered to shorten the time for notice and/or to advance the hearing of a motion before it, in effect bypassing the regular noticed motion procedures of the Federal Rules of Civil Procedure and/or of the Local Rules. *See* Fed. R. Civ. P. 6(c)(1)(A), (C); U.S. Dist. Ct., E.D. Cal. L.R. 144.

Here, under the circumstances, defendants will suffer irreparable prejudice unless the instant motion is heard/considered on an *ex parte*-expedited basis for all of the reasons already stated above: including but not limited to the fact that defendants' in good faith, attempted to serve Tasha Cole on numerous occasions while she was intentionally evading service, and defendants have now served Tasha Cole with notice of her deposition on three occasions. Tasha Cole has failed to appear to three different scheduled depositions in Fresno, California. Accordingly, there is good cause to consider this motion on an *ex parte* basis.

///
///
///
///
///
///
///
//
///
///
///
///

**7.   CONCLUSION.**

For all of the foregoing reasons, defendants respectfully request that the honorable Court issue an *ex parte* Order to: (1) compel the deposition of Tasha Cole to go forward the week of March 16, 2015; (2) extend time for non-expert discovery for the limited purposes of deposing Tasha Cole; (3) sanctions against Tash Cole; (4) any further service of Tasha Cole to be by posting notice on Tasha Cole's front door of her residence. Further, to allow all parties' counsel to appear telephonically for the purposes of the *ex parte* hearing for the limited purposes specified herein above.

DATED: March 6, 2015

**MANNING & KASS**
**ELLROD, RAMIREZ, TRESTER LLP**

By:   /s/ Courtney R. Arbucci
Courtney R. Arbucci
Attorneys for Defendants,
CITY OF FRESNO, CHIEF JERRY DYER, SERGEANT LARRY HUSTEDDE, and OFFICER JEFFREY KAISER