# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDALIA J. MORGUTIA-JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>CITY OF FRESNO, et al.,<br><br>    Defendants.<br>_____/ | Case No. 1:14-cv-00127-LJO-SKO<br><br>**ORDER THAT TASHA COLE APPEAR ON MARCH 18, 2015, TO SHOW CAUSE WHY SHE SHOULD NOT BE HELD IN CONTEMPT FOR FAILURE TO COMPLY WITH A SUBOPENA TO APPEAR FOR A DEPOSITION**<br><br>(Doc. 31) |

## I. INTRODUCTION

On January 28, 2014, Plaintiff Idalia J. Morgutia-Johnson ("Plaintiff") filed a complaint alleging violations of Title 42 U.S.C. § 1983 against Defendants City of Fresno, Jerry Dyer, Sergeant Larry Hustedde, and Officer Jeffrey Kaiser ("Defendants").[1] On March 6, 2015, Defendants filed "an ex parte application and motion for a court order to compel the deposition of Tasha Cole; extend time for the limited purpose of the deposition and a request to extend the time for the deposition; sanctions; and service by posting on door of home." (Doc. 31.) For the reasons set forth below, the Court construes Defendant's ex parte request for an order to compel the deposition of Tasha Cole as a request for a court order to show cause why Ms. Cole should not be held in civil contempt. (Doc. 31.)

---

[1] On March 6, 2015, the parties filed a stipulation of dismissal as to Defendants City of Fresno and Police Chief Jerry Dyer only. (Doc. 30.)

## II.  BACKGROUD

Defendants claim that Ms. Cole is a witness to the incident that is the subject of this suit, and her observations about what occurred during the incident are relevant and discoverable. Defendants claim they did not have identifying information for Ms. Cole until early January 2015, but once they were able to identify her, they immediately requested that a notice of deposition be served.  The process server made 12 attempts to personally serve Ms. Cole at her home between January 14, 2015, and January 22, 2015, with a subpoena and deposition notice setting a deposition for January 23, 2015.

On January 19, 2015, Ms. Cole called Defendants' service processer and stated she was not aware of the case.  On that same day, Ms. Cole also called Defendants' counsel's paralegal and informed the paralegal she would be willing to accept service of the deposition notice in person and attend the deposition.  Defendants contend Ms. Cole evaded any further service attempts and discontinued answering her cell phone.

On January 23, 2015, Ms. Cole failed to appear for her scheduled deposition.  Defendants' counsel called Ms. Cole's cell phone to remind her of the deposition.  A male answered the cell phone and, according to Defendants' counsel, was "verbally disgruntled and threatening."  (Doc. 31-1, Arbucci Decl., ¶ 5.)  He informed Defendants' counsel that Ms. Cole was not going to attend her deposition.

On February 20, 2015, Defendants' private investigator attempted service of another subpoena and deposition notice at Ms. Cole's home address, which was completed.  Defendants thereafter sought an extension of the non-expert deadline, which was granted. On February 26, 2015, Ms. Cole was once again served with a subpoena re-setting her deposition for March 3, 2015.  Ms. Cole failed to appear for the March 3, 2015, deposition. (Doc. 31-1, Arbucci Decl., ¶ 15.)

### III.  DISCUSSION

**A.  The Subpoena and Service of the Subpoena Upon Ms. Cole on February 26, 2015**

A subpoena served pursuant to Federal Rule of Civil Procedure 45 shall "command each person to whom it is directed to attend and give testimony or to produce and permit inspection and copying of designated books, documents or tangible things in the possession, custody or control of that person."  Fed. R. Civ. P. 45(a)(1)(A)(iii).   Every deposition subpoena must state the court from which it issued, state the title of the action and its civil-action number, specify to each person to whom it is directed the time and place set for the deposition, and set out the text of Rule 45(d) and (e).  Fed. R. Civ. P. 45(a)(1)(B)(i)-(iv).  A subpoena commanding a deposition must also set forth the method for recording the testimony.  Fed. R. Civ. P. 45(a)(1)(B).  Serving a subpoena requires "delivering a copy to the named person," which is interpreted to mean personal service. Fed. R. Civ. P. 45(b)(1).  *See Prescott v. Cnty. of Stanislaus*, No. 1:10-cv-00592 JLT, 2012 WL 10617, at *3 (E.D. Cal. Jan. 3, 2012) (a majority of courts interpreting "delivering" to require personal service).

Here, Ms. Cole was served with two subpoenas commanding her appearance at a deposition, and she failed to comply with either subpoena.[2]  Both subpoenas served on Ms. Cole complied with the substantive requirements of Rule 45.  (Doc. 32, p. 22-14.)  The subpoenas each indicate they were issued by the United States District Court for the Eastern District of California, state the title of this action along with the civil-action number, and set out the text of Rule 45(d) and (e).  The subpoenas command Tasha Cole to appear at Huseby Court Reporting at 7815 N. Palm Avenue, Suite 120, Fresno, CA 93711, and state the deposition will be recorded by shorthand court reporter.  (Doc. 32, Exhibit Q, p. 22.)  The first subpoena set the deposition for January 23, 2015, at 9:00 a.m. (Doc. 32, p. 4), and the second subpoena set a deposition for March 3, 2015, at 10 a.m. (Doc. 32, p. 22).

---

[2] A subpoena was served setting a deposition for February 27, 2015, but this subpoena was later re-served setting the deposition for March 3, 2015.

The first subpoena setting a deposition for January 23, 2015, however, was not personally served but was posted at the front door of 1512 N. Pacific Avenue, Fresno, California.[3] The second subpoena was served personally on Ms. Cole on February 26, 2015. (Doc. 31-1, Exhibit K, p. 56.) It is this second subpoena served on Ms. Cole on February 26, 2015, and Ms. Cole's subsequent failure to comply on March 3, 2015, that is the subject of this enforcement proceeding.

**B.     Contempt Proceedings for Non-Compliance with a Valid Subpoena**

Defendants have filed an ex parte application for a court order to compel the deposition of Ms. Cole. (Doc. 31.) As Ms. Cole is a nonparty, the applicable procedure for seeking compliance with the deposition subpoena is an order to show cause re contempt. *Ceremello v. City of Dixon*, No. CIV S-04-1423 DLF-EFB, 2006 WL 2989002, at *2 (E.D. Cal. Oct. 18, 2006) ("As explained at the hearing, the 'motion to compel,' which is the remedy under the Federal Rules to compel a party's compliance with a discovery request, is not the applicable procedure to address [a nonparty's] alleged refusal to obey a duly-issued subpoena."); *see also Rodriquez v. Cnty. of Stanislaus*, No. 1:08-cv-00856-OWW-GSA, 2010 WL 3733843, at *6 (E.D. Cal. Sept. 16, 2010). As such, the ex parte application for an order to compel Ms. Cole's deposition is construed as a request for a court order to show cause re contempt for Ms. Cole's failure to appear at her March 3, 2015, deposition.

Pursuant to Rule 45(e)(g), a court may "hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it." Fed. R. Civ. P. 45(g). Proper subpoenas issued by attorneys on behalf of the court are treated as orders of the Court. *United States Sec. & Exh. Comm'n v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010). Where a party seeks a contempt sanction against a nonparty, that nonparty has the right to be heard in a meaningful fashion. *Hyatt*, 621 F.3d at 696-97; *see also Fisher v. Marubeni Cotton Corp.*, 526 F.2d 1338, 1342 (8th Cir. 1975).

---

[3] Ms. Cole apparently contacted Defendants' counsel and stated that she would accept service at 1512 N. Pacific Avenue in Fresno, California, but subsequent attempts to deliver the subpoena at that address were unsuccessful and the subpoena was ultimately posted to the door of the residence at 1512 N. Pacific Avenue, Fresno, California. (Doc. 31-1, p. 7-9; p. 11.)

4

A contempt charge against a nonparty may be either of a criminal or a civil nature. *See Falstaff Brewing Corp. v. Miller Brewing Co.*, 702 F.2d 770, 778 (9th Cir. 1983). Criminal contempt is deemed punitive as it is designed to punish the affront to the court. *See Gompers v. Bucks*, 221 U.S. 418, 441 (1911). It may include fines payable to the court and it also may include jail time.

Civil contempt, on the other hand, is meant to compel obedience with a court order, or to compensate the contemnor's adversary for the injuries resulting from the non-compliance. *Falstaff Brewing Corp.*, 702 F.2d at 778. The district court has wide latitude in deciding whether there has been contemptuous defiance of one of its orders. *Stone v. City of San Francisco*, 968 F.2d 850, 856 (9th Cir. 1992). A civil contempt order must include a "purge" condition whereby it provides the contemnor with an opportunity to comply with the order before payment of the fine or other sanction becomes due. *De Parcq v. U.S. District Court for the S. Dist. of Iowa*, 235 F.2d 692, 699 (9th Cir. 1956) ("[C]ivil contempt is conditional in nature and can be terminated if the contemnor purges himself of the contempt."). In imposing civil contempt sanctions, the court must impose the most minimal sanction necessary to coerce the contemnor to comply with the order. *Whittaker Corp. v. Execuair Corp.*, 953 F.2d 510, 517 (9th Cir. 1992). Where the objective of the contempt order is to ensure the contemnor's compliance, the court must "consider the character and magnitude of the harm threatened by continued contumacy, and the probably effectiveness of any suggested sanction in bringing about the desired result." *Bademyan v. Receivable Mgmt. Servs. Corp.*, No. CV-08-00519, 2009 WL 605789, at *3 (C.D. Cal. Mar. 9, 2009).

To establish civil contempt, Defendants must show by clear and convincing evidence that Ms. Cole violated a specific order of the court. *See FTC v. affordable Media*, 179 F.3d 1228, 1239 (9th Cir. 1999). If Defendants satisfy that burden, the burden shifts to Ms. Cole to show that she took every possible step to comply with the subpoena and to articulate reasons why compliance was not possible. *See Donovan v. Mazzola*, 716 F.2d 1226, 1240 (9th Cir. 1983). In considering the contemnor's reasons why compliance was not possible, the court may consider a history of noncompliance and a failure to comply despite the pendency of a contempt motion. *See*

*Stone*, 968 F.2d at 856-57.  If an alleged contemnor's actions were taken in good faith or based on a reasonable interpretation, she should not be held in contempt. *Id.*

As Defendants have established that Ms. Cole violated a specific and definite order of the court by failing to appear for her deposition on March 3, 2015, pursuant to a duly issued subpoena, Defendants' application for an order to show cause is GRANTED.  *See Rodriquez v. Cnty. of Stanislaus*, No. 1:08-cv-00856-OWW-GSA, 2010 WL 3733843, at *6 (Sept. 16, 2010) (proper procedure for nonparty subpoena compliance is to issue an order to show cause).

Defendants' request for sanctions is premature and is DENIED, but Ms. Cole is cautioned that a financial penalty is a possible contempt sanction.

## IV.   CONCLUSION AND ORDER TO SHOW CAUSE

For the reasons discussed above, IT IS HEREBY ORDERED that:

1. Defendants' application for an order to show cause is GRANTED;
2. Ms. Cole is ORDERED to appear before the undersigned on **March 18, 2015,** at 9:30 a.m. in Courtroom 7, 6th Floor, United States District Court, 2500 Tulare Street, Fresno, California, 93721 to SHOW CAUSE why she should not be held in contempt for her failure to comply with the subpoena and appear for her deposition;
3. Failure to comply with this order to show cause may subject Ms. Cole to contempt sanctions, including monetary sanctions; and
4. Defendants are directed to effect service of this order on Tasha Cole by no later than **March 11, 2015**, and to file **proof of service of this order** by no later than **March 16, 2015**.

IT IS SO ORDERED.

Dated:   **March 9, 2015**           /s/ Sheila K. Oberto
                                      UNITED STATES MAGISTRATE JUDGE