# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IDALIA J. MORGUTIA-JOHNSON,<br><br>  Plaintiff,<br><br>  v.<br><br>SERGEANT LARRY HUSTEDDE,<br>JEFFREY KAISER,<br><br>  Defendants. | Case No. 1:14-CV-00127-LJO-SKO<br><br>ORDER ON PARTIES' MOTIONS IN LIMINE.<br><br>(Docs. 78-87) |

Plaintiff Idalia J. Morgutia-Johnson ("Morgutia-Johnson" or "Plaintiff") brings the instant civil rights action against Defendants Sergeant Larry Hustedde and Officer Jeffrey Kaiser (together, "Defendants"), alleging unlawful arrest and excessive force under 42 U.S.C. § 1983 ("Section 1983"). Pending before the Court are Plaintiffs' and Defendants' motions in limine. The Court deems the matters appropriate for resolution without oral argument. *See* Local Rule 230(g). Having reviewed the parties' submissions, the Court rules on the motions *in limine* as set forth below.

**BACKGROUND[1]**

This case arises out of Defendants' arrest of Plaintiff on the afternoon of August 24, 2010, at Big Mama's Restaurant ("Big Mama's" or "the Restaurant") in Fresno, California. UMF ¶ 1. At the time, Plaintiff was a 15-year-old student at Hoover High School ("Hoover"), which is located near

---

[1] The parties did not submit a joint statement of undisputed facts in their pre-trial conference statement. The following undisputed facts are taken from this Court's Order on Defendants' motion for summary judgment. *See* Doc. 56.

Big Mama's. *Id.* Although the parties have varying recollections of what transpired there between Plaintiff and Defendants, the following facts are undisputed. Hoover students frequented Big Mama's after school. *See* Doc. 37, Ex. I, Deposition of Ebrahim Hussein ("Hussein Depo.") at 18:8-11; Doc. 37, Ex. G, Deposition of Larry Hustedde ("Hustedde Depo.") at 24:6-15. According to Ebrahim Hussein ("Hussein"), who was a manager at Big Mama's in August 2010, large groups of Hoover students frequently would meet at Big Mama's and would "go wild" in and around the Restaurant. *See* Hussein Depo. at 24:4-9 (e.g., "Loud. Jumping off tables. Playing. Running. Opening doors and coming in . . . not all of them ordering food."). Hussein further testified that fights between Hoover students broke out on an almost-daily basis. *See* Hussein Depo. at 18:8-11; *see also* Doc. 37, Ex. J, Deposition of Sadiq Aljomae ("Aljomae Depo.") at 17:10-25 (testifying that fights between Hoover students frequently happened in and around Big Mama's). Many students would "hang out" at Big Mama's without ordering anything. *See id.* at 18:21- 21. Because of the high school students' behavior and their loitering without ordering food or drinks, Big Mama's employees frequently had to call the police. *See* Hussein Depo. at 20:3-10; *see also* Aljomae Depo. at 18:11-21. Among other things, the Fresno Police Department ("FPD") had received multiple reports of fights between and among Hoover students at Big Mama's, which Hustedde had witnessed on prior occasions. *See* Hustedde Depo. at 24-25. Kaiser also had talked with Big Mama's employees about these problems. *See* Doc. 37, Ex. H, Deposition of Jeffrey Kaiser ("Kaiser Depo.") at 37:3-23. Because of these recurrent problems with Hoover students after school, Big Mama's instituted a "no loitering policy" permitting students in Big Mama's only if they purchased something (or were in the process of doing so) and were in the process of consuming it. *See* Hussein Depo. at 24:11-17. If they were not purchasing or consuming something, they would be asked to leave. *Id.* In the early afternoon before school let out on August 23, 2010, Hustedde met with Hussein to discuss the problems associated with Hoover students gathering and loitering at Big Mama's after school. *See* Hustedde Depo. at 42:20-21. Hustedde explained to Hussein that he would be there later that afternoon to help enforce the Restaurant's no loitering policy, but he advised Hussein that he "wasn't going to come every day and enforce [the] restaurant rules." *Id.* at 42:9-13.

1    At some point before school let out on August 24, 2010, Big Mama's posted a conspicuous
2    sign on the window near the entrance that read: "Please no loitering. Only students buying food
3    orders allowed to stay while eating or drinking at Big Mama's. We reserve the right to refuse
4    service or ask non paying customer[s] to vacate the premises." Doc. 37, Ex. C (emphasis omitted);
5    *see also* Hustedde Depo. at 42:20-43:10. The Restaurant also posted "no trespassing" signs in the
6    parking lot. *See* Aljomae Depo. at 21:6-11. Hustedde went to Big Mama's shortly before school let
7    out with the intention of helping to enforce its no loitering policy. *See* Hustedde Depo. at 43:10-13,
8    46:6-9.

9    Shortly after school let out on August 24, 2010, Plaintiff went to Big Mama's. *Id.* at 46:13-
10   16; Doc. 50, Declaration of Idalia Morgutia-Johnson ("Idalia Decl.") at ¶ 3. She and her friends
11   were standing in the patio area outside of the Restaurant when Hustedde asked them to either go
12   inside or leave, *id.* 52:18-23; Idalia Decl. at ¶ 5, so they went inside. *Id.* at ¶ 6; Hustedde Depo. at
13   53:20-24. Shortly thereafter, Hustedde went inside the Restaurant where Plaintiff and her friends
14   were sitting at a booth, and approached them. *Id.* at ¶ 6; Hustedde Depo. at 53:20-24.

15   Although the parties' accounts of key facts here diverge, the Court notes that the parties
16   agree on a basic outline of events. The Parties do not dispute that after approaching Plaintiff and her
17   friends, Hustedde detained and arrested her, and that some force was used against Plaintiff to
18   effectuate her arrest. And, the parties agree, Officer Jeffrey Kaiser assisted Hustedde in the arrest.

19   Plaintiff claims that the detention, arrest, and use of force were unlawful, in violation of her
20   Fourth, Fifth, and Fourteenth Amendment rights. On that basis, Plaintiff seeks damages related to
21   the unlawful detention, arrest, and use of excessive force. Defendants counter that the detention and
22   arrest of Plaintiff were lawful, and their use of force was reasonable under the totality of the
23   circumstances.

24   **LEGAL STANDARD**

25   A party may use a motion *in limine* to exclude inadmissible or prejudicial evidence before it
26   is actually introduced at trial. *See, Luce v. United States,* 469 U.S. 38, 40 n. 2 (1984). "[A] motion
27   in limine is an important tool available to the trial judge to ensure the expeditious and evenhanded
28   management of the trial proceedings." *Jonasson v. Lutheran Child and Family Services,* 115 F.3d

436,440 (7th Cir. 1997). A motion *in limine* allows the parties to resolve evidentiary disputes before trial and avoids potentially prejudicial evidence being presented in front of the jury, thereby relieving the trial judge from the formidable task of neutralizing the taint of prejudicial evidence. *Brodit v. Cambra,* 350 F.3d 985, 1004-05 (9th Cir. 2003).

Motions *in limine* that exclude broad categories of evidence are disfavored and such issues are better dealt with during trial as the admissibility of evidence arises. *see, e.g., Brown v. Kavanaugh*, No. 1:08-CV-01764-LJO, 2013 WL 1124301, at *2 (E.D. Cal. Mar. 18, 2013) (citing *Sperberg v. Goodyear Tire & Rubber, Co.,* 519 F.2d 708, 712 (6th Cir. 1975); *see also In re Homestore.com, Inc.*, No. CV 01-11115 RSWL CWX, 2011 WL 291176, at *2 (C.D. Cal. Jan. 25, 2011) (holding that motions *in limine* should "rarely seek to exclude broad categories of evidence, as the court is almost always better situated to rule on evidentiary issues in their factual context during trial"); *see cf. Oracle Am., Inc. v. Google Inc.*, No. C 10-03561 WHA, 2012 WL 1189898, at *4 (N.D. Cal. Jan. 4, 2012) (concluding that "a broad categorical exclusion" was unwarranted).

Additionally, some evidentiary issues are not accurately and efficiently evaluated by the trial judge in a motion *in limine*, and it is necessary to defer ruling until during trial when the trial judge can better estimate the impact of the evidence on the jury. *Jonasson,* 115 F.3d at 440.

**PLAINTIFF'S MOTIONS IN LIMINE**

### 1. to Exclude Alleged History of Prior Fights, Disturbances, Destruction of Property Unrelated to Plaintiff at or Near Big Mama's Restaurant

Plaintiff seeks to exclude any and all evidence regarding the alleged history at or near Big Mama's Restaurant, unrelated to Plaintiff, because such evidence is irrelevant, more prejudicial than probative, likely to confuse and/or mislead the jury, and lacks foundation. However, whether responding officers knew about these alleged prior incidents at the Restaurant helps to explain the responding officers' level of enforcement, their reactions, and goes to the reasonableness of both. The Court agrees with Defendants that the history of prior events at the restaurant known by the responding officers goes to the responding officers' state of mind.

Accordingly, the Court will deny Plaintiff's motion.

//

4

### 2. to Exclude Plaintiff's Alleged Prior Bad Acts

Plaintiff seeks to exclude any and all evidence regarding the alleged prior fights, altercations, school suspensions, or alleged misconduct attributed to Plaintiff because they are irrelevant, more prejudicial than probative, and impermissible character evidence. Plaintiff asserts that Morgutia-Johnson's alleged history was unknown to Defendants at the time of the incident, thus it did not inform their conduct, and it otherwise has no bearing on any issue in the case. Defendants argue that they are not seeking to introduce this evidence to establish Plaintiff's character, but rather to establish evidence of Plaintiff's intent, motive, or plan.

The Court concludes that any and all evidence about Plaintiff's alleged prior bad acts are impermissible character evidence and more prejudicial than probative. On that basis, the Court will grant Plaintiff's motion. If, however, Morgutia-Johnson specifically testifies to having a gentle, non-combative personality, such evidence may be used for impeachment.

### 3. to Exclude Tasha Cole as a Witness and to Exclude Her Alleged Statement Given to Officer McQuay

Plaintiff first seeks to exclude Tasha Cole as a witness because there is no evidence that she gave a statement to the police. Notwithstanding Ms. Cole's deposition testimony that she was not at the Restaurant on the date of the incident and did not give any statement to the police, Defendants assert that an officer can and will identify her as the same "Tasha" that the officer saw and interviewed on the date of the incident. The Court will not exclude Ms. Cole as a witness because whether Ms. Cole was indeed present at the scene and gave any statement is a credibility determination, a province for the jury. Therefore, insofar as the statement by "Tasha" relates to establishing whether Ms. Cole was at the scene at the time of the incident or spoke to the officer, the Court concludes that testimony about the existence of the statement on the limited topic of Ms. Cole's presence at the scene or as it otherwise relates to putting Ms. Cole at the Restaurant during the events on August 24, 2010, is admissible as a prior inconsistent statement. Accordingly, the Court will deny in part Plaintiff's motion.

Plaintiff also seeks to exclude out-of-court hearsay statements given to Officer McQuay by "Tasha" about the August 24, 2010 incident between Plaintiff and FPD officers. Defendants assert

that the statements given by "Tasha" constitute present sense impressions and excited utterance, exceptions to the hearsay rule. As to the substance of the alleged statement, there is no dispute that the officer's account of "Tasha's" statement is hearsay.

The Court is not satisfied that the statement falls within either of the hearsay exceptions, as Defendants suggest. "In making the foundational inquiry on admissibility under [FRE 803(1) (present sense impression), 803(2) (excited utterances), or 803(3) (state of mind)], the court must evaluate three factors: contemporaneousness, chance for reflection, and relevance." *United States v. Orm Hieng,* 679 F.3d 1131, 1148 (9th Cir. 2012) (quoting *United States v. Ponticelli,* 622 F.2d 985, 991 (9th Cir. 1980)).

Defendants first argue that Ms. Cole's statement made to Officer McQuay amounts to her present sense impressions. Yet the evidence indicates that the statement given by "Tasha" to the officer was given in response to the officer's questioning as part of the investigation, after the incident concluded. Because there is no account of when the officer took the statement or how long after the incident, there is no evidence to support that the statement is a present sense impression. The statement also does not qualify as an excited utterance, which has three requirements: (1) a startling event; (2) the statement was made while the declarant was under the stress of the event's excitement; and (3) a nexus between the content of the statement and the event." *Torres v. City of Santa Clara*, No. 5:13-CV-01475-PSG, 2014 WL 4145509, at *3 (N.D. Cal. Aug. 20, 2014) (citing *United States v. Pursley*, 577 F.3d 1204, 1220 (10th Cir. 2009)). Absent here is any basis to conclude that the statement was made as part of an ongoing startling event or that the requisite nexus exists. *See, e.g., Torres v. City of Santa Clara*, No. 5:13-CV-01475-PSG, 2014 WL 4145509, at *3 (N.D. Cal. Aug. 20, 2014) (finding that statements given in response to police questioning approximately an hour after an event did not qualify as an excited utterance). Because the statement was apparently made in the context of police questioning at some point after conclusion of the incident, during investigative questioning by the officer, and "Tasha" had the time and opportunity to verify her height, weight, date of birth, and personal contact information, this cuts against the argument that her answers to the officer's questions constitute an excited utterance. Defendants fail to lay the necessary foundation to support such a finding. Without more information about the

6

circumstances under which "Tasha" gave the statement to Officer McQuay, the Court finds no basis on which to conclude that the excited-utterance exception applies.

Finally, the Court finds that nothing in the record establishes that "Tasha" saw the entire interaction between Plaintiff and police officers inside and outside the Restaurant or, rather, merely observed some portion of it while inside the Restaurant. Thus Defendants fail to establish a foundation for the relevance of the substantive content of the alleged statement. And, as no hearsay exception applies, the Court concludes that the substance of the statement as written in the police report is inadmissible hearsay. On these bases, the Court will grant in part Plaintiff's motion. Whether Ms. Cole's testimony opens the door to the substance of her alleged statement or if circumstances otherwise change during trial, will determine if the door remains closed.

### 4. to Exclude Plaintiff's Alleged History of Marijuana Use

Responding officers did not know of allegations of Plaintiff's alleged marijuana use and it is not otherwise relevant to the case. As it is irrelevant, impermissible character evidence, and more prejudicial than probative, the Court will grant Plaintiff's motion to exclude any and all evidence regarding her alleged history of marijuana use.

### 5. to Exclude Defense Expert Kendall Wagner, M.D., from Testifying Regarding Plaintiff's Credibility

Plaintiff argues that whether or not Dr. Wagner finds Plaintiff credible is irrelevant and an improper opinion for an expert to render. Although Dr. Kendall only reviewed Plaintiff's medical records and did not meet her, Defendants assert that Dr. Wagner may properly testify about what evidence he discounted.

Such testimony by an expert would usurp the jury's role in determining credibility. Defendants may not elicit testimony from their witnesses as to whether the jury should find another witness credible because that would amount to improper opinions regarding credibility. *See United States v. Binder,* 769 F.2d 595, 602 (9th Cir. 1985). Therefore, Dr. Wagner may not testify that another person was in fact credible or opine that the jury should find another witness credible. *See United States v. Candoli,* 870 F.2d 496, 506 (9th Cir. 1989) ("An expert witness is not permitted to testify specifically to a witness' credibility or to testify in such a manner as to improperly buttress a

witness' credibility."); *see also Nimely v. City of New York,* 414 F.3d 381, 398 (2d Cir. 2005) ("[E]xpert opinions that constitute evaluations of witness credibility, even when such evaluations are rooted in scientific or technical expertise, are inadmissible under Rule 702.") (citations omitted). Dr. Kendall may testify at trial that during his investigation he *personally* found a witness credible, which is why he took certain actions. As to his personal experience with Plaintiff, it is uncontroverted that Dr. Kendall has reviewed Plaintiff's medical records, but has not conducted a physical examination or ever personally met her. Because he has no percipient knowledge or personal experience with Plaintiff upon which to reflect, Dr. Kendall may not testify about whether he personally found Plaintiff credible. Unless Dr. Kendall can testify that Morgutia-Johnson gave a medical history that is medically impossible or her medical history otherwise lacks credibility, he is limited to his expert medical opinion.

The Court will grant Plaintiff's motion, as such testimony is irrelevant and is inadmissible under Federal Rule of Evidence 702.

**DEFENDANTS' MOTIONS IN LIMINE**

### 1. to Exclude the Testimony of Dejsha Butler, Jaccar Dixon, Unique Dawson and Abrionna Frazier

Defendants seek to exclude Dejsha Butler, Jaccar Dixon, Unique Dawson and Abrionna Frazier as witnesses because Plaintiff failed to properly identify these witnesses in their discovery responses and/or timely disclosed their names, addresses and phone numbers. Federal Rule of Civil Procedure 26 requires parties to provide the address and telephone number of each individual likely to have discoverable information, if it is known to the party. Fed. R. Civ. P. 26. Generally, "if a party fails to provide information or identify a witness as required by Rule 26(a)…the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1). Plaintiff responds that the failure to provide the witnesses' contact information is substantially justified as Plaintiff is also unable to find the correct contact information for these witnesses.

The testimony is excluded based on the inability to locate Dejsha Butler, Jaccar Dixon, Unique Dawson and Abrionna Frazier. As these witnesses cannot be located, this motion is moot.

**2. to Exclude All Evidence, Prior testimony and Information Not Properly Disclosed**

Defendants seek to exclude all arguments regarding evidence, prior testimony and witnesses not properly disclosed by Plaintiff. Defendants argue that Plaintiff did not serve the First Supplemental Disclosure nor the Second Supplemental Disclosures until after the initial discovery deadline. Defendants, however, do not point to any specific evidence that they would like excluded or provide the Court with any information regarding what new evidence was presented in these late disclosures. The Court therefore will deny the motion for lack of specificity.

**3. to Exclude All Evidence Pertaining to the Expulsion Proceedings Outcome, the Findings of the Fresno Unified School District Hearings, and Criminal Proceedings**

Defendants seek to exclude all evidence and testimony regarding the expulsion proceedings outcome and/or the findings of the Fresno Unified School District Hearings or the juvenile court proceedings. Parties previously stipulated to the following:

> All parties stipulate that Plaintiff will not inquire, introduce evidence or advance evidence or advance, argument regarding either the F.U.S.D. Administrative Hearing Panel Findings of Fact or content of the F.U.S.D. letter to Plaintiff and her mother regarding Plaintiff's expulsion.
>
> All parties stipulate that notwithstanding [the above stipulation] Plaintiff will be able to testify that she was reinstated.

*See* Doc. 76 at 2:8-13. Defendants now request that the Court order the exclusion of all other reference to evidence pertaining to the expulsion proceedings outcome. Defendants argue that the testimony would not fall into any hearsay exception as they were not a party in interest in the previous proceedings. Plaintiff argues that Defendants interests are aligned with the prosecutors in the previous proceedings and therefore the testimony from the prior proceedings should fall within the hearsay exception.

To the extent that the previous stipulation does not cover such testimony, the Court will grant this motion to exclude testimony regarding prior proceedings, with the exception that Plaintiff may testify that she was expelled for a certain period of time and was subsequently reinstated, as this testimony is relevant should damages be awarded.

//

### 4. to Preclude Discussion of Expert Reliance on Previously Excluded Evidence

Defendants seek to exclude any and all reference to expert Roger Clark's reliance on previously excluded evidence. Parties previously stipulated to the following:

> All parties stipulate that Roger Clark will not introduce the testimony of witnesses Unique Dawson or Abrionna Frazier, or to other hearsay statements contained in the expulsion hearing during his testimony.
>
> All parties stipulate that Roger Clark shall be allowed to testify that he reviewed the officers' testimony and it re-enforced [sic] his opinions.

*See* Doc. 76 at 2:14-18. Defendants now seek an order excluding expert Roger Clark from relying on any other previously excluded evidence due to the serious irregularities associated with Plaintiff's disclosures. Experts may rely on hearsay, but only on the sort customarily relied upon, and that which is reliable. The Court is not persuaded that this hearsay evidence is reliable because the source of this information remains unclear. The Court concludes that the hearsay evidence does not fall into a category of reliable hearsay. Accordingly, the Court will grant the motion.

### 5. to Exclude All Witnesses from the Courtroom during the Trial

Defendants seek to have all witnesses excluded from the courtroom during trial pursuant to Fed.R.Civ.P. 615. Defendants argue that allowing witnesses to listen to one another's testimony would compromise the integrity of the witnesses' testimony. The Court will grant this motion. All non-party potential witnesses are excluded from the courtroom during trial. A potential witness is a person that an officer of the court represents, in good faith, may testify.

**CONCLUSION AND ORDER**

For the foregoing reasons, **IT IS HEREBY ORDERED** that:

1. Plaintiff Morgutia-Johnson's first motion *in limine* (Doc. 78) is **DENIED**;
2. Plaintiff's second motion *in limine* (Doc. 79) is **GRANTED**;
3. Plaintiff's third motion *in limine* (Doc. 80), as set forth, *supra*, is **GRANTED IN PART** and **DENIED IN PART**;
4. Plaintiff's fourth motion *in limine* (Doc. 81) is **GRANTED**;
5. Plaintiff's fifth motion *in limine* (Doc. 82) is **GRANTED**;
6. Defendants' first motion *in limine* (Doc. 83) is **DENIED AS MOOT**;

7. Defendants' second motion *in limine* (Doc. 84) is **DENIED**;

8. Defendants' third motion *in limine* (Doc. 85) is **GRANTED IN PART** and **DENIED IN PART**, such that any and all testimony regarding prior expulsion proceedings are excluded, except that Plaintiff may testify that she was expelled for a certain period of time and was subsequently reinstated, as it goes to damages.

9. Defendants' fourth motion *in limine* (Doc. 86) is **GRANTED**; and,

10. Defendants' fifth motion *in limine* (Doc. 87) is **GRANTED**.

IT IS SO ORDERED.

Dated:   **June 3, 2015**                    /s/ Lawrence J. O'Neill
                                                                    UNITED STATES DISTRICT JUDGE